UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN D. POWELL                          CIVIL ACTION

VERSUS                                  NO: 09-1873

UNITED STATES OF AMERICA                SECTION: R(2)

**SUMMARY ORDER**

Before the Court is *pro se* plaintiff John D. Powell's Motion for Jury Trial (R. Doc. 16) and Motion to Issue Subpoena (R. Doc. 17).

Powell's motion for jury trial is DENIED because his claims arise under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), and the FTCA does not grant Powell a right to trial by jury. *See* 28 U.S.C. § 2402 ("any action against the United States under section 1346 shall be tried by the court without a jury"); *Lehman v. Nakshian*, 453 U.S. 156, 159, 161 (1981) (no right to jury trial under Seventh Amendment or FTCA for claims against government); *Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th

Cir. 2003) (same).

Powell's motion for issuance of a third-party subpoena is DENIED as procedurally improper. *See, e.g., Thomas v. IEM, Inc.*, Civ. A. No. 06-886, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (collecting authorities: "Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are 'clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.'"). Powell should pursue the information he seeks by serving discovery requests on the government in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. *See* Fed. R. Civ. P. 26-37; E.D. La. L.R. 26, 33, 36-37. If and when Powell seeks discovery from a non-party, he should obtain a subpoena from the clerk of the court at that time. *See* Fed. R. Civ. P. 45; E.D. La. L.R. 45.

New Orleans, Louisiana, this 22nd day of December 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE