UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN D. POWELL                                              CIVIL ACTION

VERSUS                                                      NO: 09-1873

UNITED STATES OF AMERICA                                    SECTION: R(2)

**ORDER AND REASONS**

Before the Court is the motion of defendant, the United States, for summary judgment on *pro se* plaintiff John Powell's claim of negligence under the Federal Tort Claims Act (FTCA).[1] Because Powell has provided no evidence of damages resulting from the alleged tort, the Court GRANTS the motion.

**I.   BACKGROUND**

On March 21, 2006, Powell attempted to enter the Veterans Administration (VA) Medical Center in Jackson, Mississippi for medical care.[2] Powell was walking with a metal cane and his pockets contained personal items.[3] When Powell approached the security screening area, VA Police Officer Larry Williams told

---

[1]   (R. Doc. 31.)

[2]   (R. Doc. 1 at 1; R. Doc. 31-5 at 1, 2; R. Doc. 31-6 at 1.)

[3]   (R. Doc. 31-5; R. Doc. 31-6; R. Doc. 31-10.)

Powell to remove the items from his pockets. Powell stated that "it would not do any good because of [his] cane" and that Williams was going to cause him to miss his appointment.[4] A heated exchange took place between Powell and Williams,[5] and Williams called for back up.[6] Powell then walked past the security screening area toward the information desk.[7] Williams followed after him.[8] According to Powell's affidavit, Williams "approached [him] in a very aggressive manner walking very fast as if he were going to hit [him]."[9] Powell then raised his finger up to Williams's chest or face, and Williams struck Powell's arm, knocking Powell's hand away.[10] At that point, Deputy Chief Jessie Lumpkins stepped between Williams and Powell and asked Williams to "back off."[11] Williams then issued Powell a $275.00 citation for disorderly conduct and failing to comply with security regulations.[12]

---

[4] (R. Doc. 31-6.)

[5] (R. Doc. 31-5; R. Doc. 31-6.)

[6] (R. Doc. 31-7; R. Doc. 31-8; R. Doc. 31-9.)

[7] (R. Doc. 31-5; R. Doc. 31-7; R. Doc. 31-8.)

[8] (R. Doc. 31-6; 31-8.)

[9] (R. Doc. 31-6.)

[10] (R. Doc. 31-5; R. Doc. 31-6; R. Doc. 31-7; R. Doc. 31-8.)

[11] (R. Doc. 31-9.)

[12] (R. Doc. 31-5; R. Doc. 31-6; R. Doc. 31-10.)

Powell filed suit in this Court on February 4, 2009 under the FTCA.  Powell alleges that "the accident" was caused by "the gross and wanton negligence of an employee of defendant, United States of America" through:  (1) negligent or improper use of authority; (2) failure to use proper judgment; and (3) use of improper methods to subdue an individual.[13]  Powell seeks damages based on (1) mental anguish and pain, (2) medical expenses, and (3) physical pain and suffering.[14]  The government now moves for summary judgment.[15]

**II.   STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or

---

[13]   (R. Doc. 3 at 2.)

[14]   (*Id.*)

[15]   On October 19, 2010, the Court ordered the government to file Powell's medical records under seal.  (R. Doc. 36.)  The government submitted those records on October 20, 2010.

weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.

4

The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

Powell has brought suit under the FTCA, which vests district courts with exclusive jurisdiction over "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). The FTCA "is a limited waiver of sovereign immunity that subjects the United States to  liability to the same extent as a private party . . . ." *Tindall ex rel. Tindall v. United States*, 901 F.2d 53, 55 (5th Cir. 1990). When hearing a suit under the FTCA, "[t]he

court will examine the law of the state where the negligent act or omission occurs to determine liability." *Id.; see also* 28 U.S.C. § 1346(b)(1).  In this case, that state is Mississippi.

Mississippi law requires a plaintiff to prove four elements for recovery in a negligence action: (1) duty, (2) breach of that duty, (3) damages, and (3) proximate cause.  *See Watson Quality Ford, Inc. v. Casanova*, 999 So. 2d 830, 835 (Miss. 2008); *Todd v. First Baptist Church of W. Point*, 993 So. 2d 827, 829 (Miss. 2008).  Powell bears the burden of proving each of these elements at trial.  *See Spann v. Shuqualak Lumber Co., Inc.*, 990 So. 2d 186, 189 (2008).

Even assuming that Powell could establish the first two elements of negligence, Powell has submitted no evidence regarding damages.  Powell's affidavit describes his altercation with Williams, but does not indicate that he was injured in any way as a result.[16]  The record also includes Williams's offense report; Williams's report of contact; the offense report of the investigating officer, Dwayne Thornton; Lumpkins's report of contact; and Powell's statement dictated to Ruth Thornton, a "patient advocate."  None of these documents indicates that Powell suffered injury.  To the contrary, Thornton's report reflects that when Powell was asked "if he was okay and needed

---

[16]    (R. Doc. 31-6.)

anything,"[17] Powell responded, "You going to make me miss my appointment" and stated his intent to file report against Williams.[18]

In addition, the Court has examined Powell's VA medical records *in camera* and found no indication that Powell suffered any injury resulting from his altercation with Williams. That incident occurred on March 21, 2006. Powell did not visit the VA medical center after that date until September 22, 2006. The "Progress Note" from Powell's September 22 appointment indicates that Powell specifically denied suffering from "any urgent medical problems." Powell failed to show up for an appointment scheduled for November 14, 2006. And none of Powell's subsequent Progress Notes includes any reference to an injury resulting from the altercation. Powell's records do reflect a number of chronic health problems, including low-back pain, arthritis, and depression. Yet, the records revel that those ailments pre-dated the government's alleged negligence on March 31, 2006. In addition, there is no evidence that those conditions were exacerbated by Powell's contact with Williams. *See Koger v. Adcock*, 25 So. 3d 1105, ¶22 (Miss. App. 2010) ("We agree that the law provides that Koger is not entitled to damages for any injuries which existed at the time of the accident with

---

[17]

[18]    (R. Doc. 31-8.)

Adcock."). The records also include a request for administration of anesthesia for performance of a stress test, dated April 21, 2006, only a month after the incident, but there is no indication that Powell actually underwent the stress test or that the procedure was in any way related Powell's contact with Williams.

Given the complete absence of evidence in the record to support a finding of damages, the Court concludes that summary judgment is appropriate.[19]

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED.

New Orleans, Louisiana, this 21st day of October, 2010.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[19] In his opposition to summary judgment, Powell asks the Court to hold the VA in contempt for failing to produce Williams or surveillance videos that, he claims, captured the events on March 21, 2006. (R. Doc. 32.) Because the events surrounding Powell's altercation with Williams are not in dispute, the Court finds that neither the provision of Williams nor the surveillance videos, assuming their existence, would create a genuine issue of material fact with regard to Powell's claim.